In the Matter of the Arbitration between BENDIX AVIATION CORPORATION, Petitioner, and MURRAY OIL PRODUCTS COMPANY, INC. Respondent.

Supreme Court, Special Term, New York County, November 20, 1947.

*Charles C. Tillinghast, Jr.,* and *Edward S. Redington* for petitioner.

*Copal Mintz* for respondent.

BENVENGA, J. This is a motion for a stay of proceedings.

In August, 1947, Murray Oil Products Company served upon Bendix Aviation Corporation a notice of its intention to con-. duct arbitration of its claim for damages for the breach by Bendix of an alleged contract. The notice stated, as provided in section 1458 of the Civil Practice Act, that unless Bendix, within the time therein specified, served a notice of motion to stay the arbitration, Bendix would thereafter be barred from putting in issue the making of the contract or its failure to comply therewith. In accordance with section 1458, Bendix thereupon moved for an order staying arbitration " and directing an immediate trial of the issue as to the making of the contract " on the ground that the facts raised a substantial issue as to the making of the contract. The question thus presented is whether the respondent, Murray Oil Products Company, Inc., is entitled, as matter of right, to a jury trial of that issue. This question involves a construction of section 1458 of the Civil Practice Act, under which the notice was served and the present motion has been made.

So far as pertinent, section 1458 provides that a party " who has not made or been served with an application to compel arbitration under section fourteen hundred fifty " may put in issue the making of the contract to arbitrate by motion for a stay of arbitration; and that, " Where *such opposing party* * * * on a motion for a stay * * * , sets forth evidentiary facts raising a substantial issue as to the making of the contract * * * or the failure to comply therewith, an immediate trial of the same shall be had, and *such* party shall have the right to demand a jury trial provided such demand is served with his affidavits." (Italics supplied.)

Accordingly, where, as in the present case, a party to an alleged contract to arbitrate determines to proceed by notice as provided in section 1458, and the opposing party raises a substantial issue as to the making of the alleged contract, then only such *opposing* party—the party who has not made or been served with an application to compel arbitration under section 1450—has the " right to demand a jury trial " of the

issue. Such right is not given to the party who initiates the proceeding by notice, as provided in section 1458.

It is true, as respondent points out, that under section 1450, any party to the alleged contract to arbitrate may demand a jury trial of the issue as to the making of the contract. But that is so only where the party proceeds as provided in section 1450; that is, by petition for an order directing that arbitration proceed in the manner provided for in the contract. In such a case, as the section specifically provides, " *any* party may, on or before the return day of the notice of application, demand a jury trial of such issue ". (Italics supplied.) There is no such provision in section 1458.

It follows that where a party to an alleged contract to arbitrate decides to proceed by notice, as provided in section 1458, he must be deemed to have waived his right to a jury trial (*cf*. Civ. Prac. Act. §426). Under such circumstances, only the opposing party (in this case, Bendix) has the right to demand such a trial. Here, the opposing party did not demand a jury trial of the issue; it waived such a right by failing to demand it. Murray, the respondent, has no such right. Whatever right it may have had to a jury trial under section 1450, it waived when it decided to proceed in accordance with the provisions of section 1458, as it did in the instant case.

The motion is accordingly granted to the extent that the arbitration proceeding will be stayed pending the trial of the issue of the making and terms of the contract. Settle order in accordance herewith.